# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY DUANE WILSON, | ) CASE NO. 4:24-cv-00062 |
| Plaintiff, | ) JUDGE BENITA Y. PEARSON |
| vs. | ) |
| WORLD WRESTLING ENTERTAINMENT, INC., et al., | ) JURY DEMAND |
| Defendants. | ) |

### DEFENDANT ALL ELITE WRESTLING, LLC'S ANSWER TO COMPLAINT

Defendant All Elite Wrestling, LLC ("AEW"), by and through undersigned counsel, answers the Complaint (ECF No. 1) of Plaintiff Anthony Duane Wilson ("Wilson" or "Plaintiff") and states as follows:

**I.** **The Parties to This Complaint**

**A.** **The Plaintiff(s)**

AEW lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations under Subheading I.A.

**B.** **The Defendant(s)**

Defendant No. 1

AEW lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations under Subheading I.B., "Defendant No. 1."

Defendant No. 2

AEW admits that it has a street address of 1 Everbank Stadium Drive, Jacksonville, Florida 32202, in Duval County, Florida.

**II.     Basis for Jurisdiction**

   **A. If the Basis for Jurisdiction Is a Federal Question**

AEW admits that this Court has subject matter jurisdiction over any copyright and/or trademark claims alleged in the Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). AEW admits that this Court has subject matter jurisdiction over any state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367 via its exercise of supplemental jurisdiction because any state law claims alleged by Wilson appear to arise from the same case or controversy as any federal statutory claims. Any remaining allegations under Subheading II.A. are denied.

   **B. If the Basis for Jurisdiction Is Diversity of Citizenship**

AEW admits that this Court would also have subject matter jurisdiction based upon diversity of the parties under 28 U.S.C. § 1332 because there is complete diversity of citizenship of the parties and because Wilson seeks damages in excess of $75,000.00. AEW denies that Wilson is entitled to damages under any theory. Any remaining allegations under Subheading II.B. (on PageID #3, 4, and/or 5) are denied.

**III.    Statement of Claim**

AEW denies the allegations under Subheading III (on PageID # 4 and/or 5).

**IV.    Relief**

AEW denies the allegations under Subheading IV (on PageID # 4, 5, and/or 6).

**V.     Certification and Closing**

This Subheading sets forth Wilson's cerification under Fed. R. Civ. P. 11 and does not appear to require a response. To the extent a response is required, AEW denies any allegations under Subheading V.

## AFFIRMATIVE DEFENSES

1. Wilson's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. Wilson's Complaint, in whole or in part, fails to comply with Fed. R. Civ. P. 8 because it fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

3. Wilson's Complaint, in whole or in part, is barred by the applicable statute(s) of limitations.

4. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred because Wilson does not allege the existence of a registered copyright.

5. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred because any alleged work is not an original work of authorship.

6. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred because of All Elite's independent development of any allegedly infringing work.

7. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred by fair use.

8. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred because Wilson does not allege the existence of a valid trademark.

9. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by fair use.

10. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by the First Amendment.

11. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by abandonment.

12. To the extent Wilson alleges a claim for violation of his right of publicity and/or invasion of privacy, such a claim is barred because Wilson's name, likeness, and/or persona have no commercial value and/or were not used by AEW for a commercial purpose or for commercial profit.

13. To the extent Wilson alleges a claim for violation of his right of publicity and/or invasion of privacy, such a claim is barred by the First Amendment.

14. To the extent Wilson alleges a claim for fraud, it is barred because he failed to plead it with specificity as required by Fed. R. Civ. P. 9.

15. To the extent Wilson alleges a claim for tortious interference, it is barred because no enforceable contract existed at the time of AEW's alleged improper conduct.

16. To the extent Wilson alleges a claim for tortious interference, it is barred because there was no breach of an underlying contract or disruption of an underlying relationship.

17. To the extent Wilson alleges a claim for tortious interference, it is barred because AEW's actions were legally justified and/or privileged, including but not limited to the privilege of fair competition.

18. To the extent Wilson alleges a claim for tortious interference, it is barred because the underlying contract was unconscionable.

19. To the extent Wilson alleges a claim for tortious interference, it is barred because AEW has no duty to contract with Wilson.

20. To the extent Wilson alleges a claim for conversion, such a claim is barred by abandonment.

21. To the extent Wilson alleges a claim for conversion, such a claim is barred by the non-existence of, failure to identify, or lack of value of the allegedly converted property.

22. To the extent Wilson alleges an entitlement to special damages, such a claim is barred by the failure to plead with particularity as required by Fed. R. Civ. P. 9.

23. Wilson's claims are barred, in whole or in part, due to Wilson's failure to mitigate its damages.

24. Wilson's claims are barred, in whole or in part, because to the extent Wilson has suffered any damages, those damages were caused by his own actions or inactions, or the actions or inactions of third parties.

25. Wilson's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and unclean hands.

26. Wilson's claims are barred, in whole or in part, by lack of consideration.

27. AEW reserves the right to amend this Answer and to raise any additional affirmative defenses not pleaded herein should it discover that such defenses are appropriate and/or available.

WHEREFORE, having fully answered and stated affirmative defenses, AEW prays for judgment in its favor, for an award of attorneys' fees and costs, and for such other further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Rachael L. Rodman*
Rachael L. Rodman (0073872)
UB GREENSFELDER LLP
65 E. State Street, Suite 1100
Columbus, OH 43215
Email: rrodman@ulmer.com
Tel: (614) 229-0038
Fax: (614) 229-0039

*Attorney for Defendant All Elite Wrestling, LLC*

## JURY DEMAND

Defendants request a jury for all issues so triable.

*/s/ Rachael L. Rodman*
*Attorney for Defendant All Elite Wrestling, LLC*

## CERTIFICATE OF SERVICE

I certify that on February 23, 2024, I filed the foregoing electronically. All parties will receive notice of this filing through the Court's electronic filing system and may access this filing through the Court's system. Plaintiff Anthony Duane Wilson was also served via email and regular U.S. Mail at the following addresses:

Anthony Duane Wilson
6862 State Route 7
Kinsman, OH 44428
krakatoa1883@yahoo.com

*/s/ Rachael L. Rodman*
*Attorney for Defendant All Elite Wrestling, LLC*