## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY DUANE WILSON,<br><br>            Plaintiff,<br><br>v.<br><br>WORLD WRESTLING<br>ENTERTAINMENT, *et al.*,<br><br>            Defendants. | Civil Action No. 4:24-cv-062-BYP<br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, LLC'S
## ANSWER TO COMPLAINT

Defendant World Wrestling Entertainment, LLC ("WWE"), by and through

undersigned counsel, contingently files this answer to the Complaint (ECF No. 1)[1]

of Plaintiff Anthony Duane Wilson ("Plaintiff" or "Wilson") and states as follows:

### I.  The Parties to the Complaint

#### A. The Plaintiff

WWE lacks knowledge or information sufficient to form a belief as to the

truth or accuracy of the allegations under Subheading I.A.

---

[1] WWE has simultaneously moved to dismiss the underlying Complaint, but is filing this answer in accordance with Judge Pearson's standard Case Management Conference Scheduling Order.  *See* https://www.ohnd.uscourts.gov/sites/ohnd/files/1%20CMC%20Scheduling%20Order%20Rev.%2010-31-2022.pdf.

## B.  The Defendants

Defendant No. 1

WWE admits that its former headquarters were located at 1241 E. Main St., Stamford, Connecticut, 06902 in Fairfield County. WWE admits that its current headquarters is located at 707 Washington Blvd., Stamford, Connecticut, 06902 having the phone number (203) 352-8600.

Defendant No. 2

WWE lacks knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations under Subheading I.B., "Defendant No. 2."

## II. Basis for Jurisdiction

### A. If the Basis for Jurisdiction Is a Federal Question

WWE admits that this Court has subject matter jurisdiction over any copyright and/or trademark claims alleged in the Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). WWE admits that this Court has subject matter jurisdiction over any state law claims alleged in the Complaint pursuant to 28 U.S.C. § 1367 via its exercise of supplemental jurisdiction if any state law claims alleged by Wilson arise from the same case or controversy as any federal statutory claims. Any remaining allegations under Subheading II.A. are denied.

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

Wilson has not selected diversity of citizenship as a basis for federal court jurisdiction in this action.  *See* ECF 1-1.  However, WWE admits that this Court would also have subject matter jurisdiction based upon diversity of the parties under 28 U.S.C. § 1332 assuming there is complete diversity of citizenship of the parties and Wilson seeks to allege damages in excess of $75,000.00. WWE denies that Wilson is entitled to damages under any theory. Any remaining allegations under Subheading II.B. (on PageID #3, 4, and/or 5) are denied.

### III.       Statement of Claim

WWE denies the allegations under Subheading III (on PageID # 4 and/or 5).

### IV.       Relief

WWE denies the allegations under Subheading IV (on PageID # 4, 5, and/or 6).

### V. Certification and Closing

This Subheading sets forth Wilson's certification under Fed. R. Civ. P. 11 and does not appear to require a response. To the extent a response is required, WWE denies any allegations under Subheading V.

## AFFIRMATIVE DEFENSES

1. Wilson's Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

3

2. Wilson's Complaint, in whole or in part, fails to comply with Fed. R. Civ. P. 8 because it fails to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."

3. Wilson's Complaint, in whole or in part, fails for lack of standing.

4. Wilson's Complaint, in whole or in part, is barred by the applicable statute(s) of limitations.

5. To the extent Wilson alleges a claim for copyright infringement, Wilson lacks standing to bring such a claim because Wilson does not own any enforceable copyright interest in any allegedly infringed work.

6. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred because Wilson failed to obtain a copyright registration (or refusal of such application for registration) for any allegedly infringed work prior to filing the present action.

7. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred to the extent the underlying work is not an original work of authorship and/or is not otherwise entitled to copyright protection.

8. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred because of WWE's independent development of any allegedly infringing work.

4

9. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred under the doctrines of merger and scenes a faire.

10. To the extent Wilson alleges a claim for copyright infringement, such a claim is barred by fair use.

11. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred because Wilson lacks standing to bring such a claim.

12. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred because Wilson does not own a trademark or other enforceable right.

13. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred because Wilson does not allege the existence of a valid trademark or other enforceable right.

14. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred because there is no likelihood of confusion.

15. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by fair use.

16. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by the First Amendment.

17. To the extent Wilson alleges a claim for trademark infringement and/or unfair competition, such a claim is barred by abandonment.

18. Wilson's Complaint, in whole or in part, is barred because Wilson's name, likeness, and/or persona, wrestling gimmicks, and/or slogans are unenforceable and have no commercial value and/or were not used by WWE for a commercial purpose or for commercial profit.

19. To the extent Wilson alleges a claim for fraud, it is barred because he failed to plead it with specificity as required by Fed. R. Civ. P. 9.

20. To the extent Wilson alleges an entitlement to special damages, such a claim is barred by the failure to plead with particularity as required by Fed. R. Civ. P. 9.

21. Wilson's claims are barred, in whole or in part, because to the extent Wilson has suffered any damages, those damages were caused by his own actions or inactions, or the actions or inactions of third parties, or his failure to mitigate any damages.

22. Wilson's claims are barred, in whole or in part, by the doctrines of waiver, laches, estoppel, and/or unclean hands.

23. Wilson's claims are barred, in whole or in part, by lack of consideration.

24. WWE reserves the right to amend this Answer and to raise any additional affirmative defenses not pleaded herein should it discover that such defenses are appropriate and/or available.

WHEREFORE, having fully answered and stated affirmative defenses, WWE prays for judgment in its favor, for an award of attorneys' fees and costs, and for such other further relief as this Court deems just and proper.

DATE: March 7, 2024                    Respectfully submitted,

WORLD WRESTLING
ENTERTAINMENT, INC.


 /s/ Justin A. Markota
Justin A. Markota (0092182)
BETRAS, KOPP & MARKOTA, LLC
6630 Seville Drive
Canfield, Ohio 44406
Tel. (330) 746-8484
Fax: (330) 702-8280
jmarkota@bkmlaws.com



Laura L. Pitts (*pro hac vice* forthcoming)
James T. Wilcox (*pro hac vice* forthcoming)
BUCHANAN INGERSOLL &
ROONEY PC
1737 King Street, Suite 500
Alexandria, Virginia 22314
Tel. (703) 836-6620

7

Fax: (703) 836-2021
laura.pitts@bipc.com
james.wilcox@bipc.com

*Attorneys for Defendant WORLD WRESTLING ENTERTAINMENT, LLC.*

## **<u>JURY DEMAND</u>**

Defendant WWE hereby demands a jury trial pursuant to Fed. R. Civ. P. 38.

*/s/ Justin A. Markota*
Justin A. Markota (0092182)

## <u>CERTIFICATE OF SERVICE</u>

I certify that on March 7, 2024, I filed the foregoing electronically. All parties will receive notice of this filing through the Court's electronic filing system and may access this filing through the Court's system. Pursuant to Fed. R. Civ. P. 5(b)(2), a copy of the foregoing will also be served upon Plaintiff via electronic and regular U.S. mail at:

Anthony Duane Wilson
6862 State Route 7
Kinsman, Ohio 44428

 */s/ Justin A. Markota*
Justin A. Markota (0092182)
*Attorney for Defendant WORLD*
*WRESTLING ENTERTAINMENT,*
*LLC.*