## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY DUANE WILSON, | |
| Plaintiff, | Civil Action No. 4:24-cv-062 |
| v. | Judge Benita Y. Pearson |
| WORLD WRESTLING ENTERTAINMENT, *et al.*, | Magistrate Judge Amanda M. Knapp |
| Defendants. | |

## DEFENDANT WORLD WRESTLING ENTERTAINMENT LLC'S
## <u>MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS</u>

Defendant World Wrestling Entertainment, LLC ("WWE") respectfully submits this memorandum in support of its motion to dismiss Plaintiff Anthony Duane Wilson's ("Plaintiff" or "Wilson") Amended Complaint under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure based on lack of personal jurisdiction and failure to state a claim upon which Wilson is entitled to relief. Wilson's Amended Complaint should be dismissed with prejudice for the reasons set forth below.

# TABLE OF CONTENTS

**Page**

I. BACKGROUND ....................................................................................................... 1

II. ARGUMENT .......................................................................................................... 3

    a.  Wilson's Claims Against WWE Warrant Dismissal for Lack of Personal Jurisdiction ..... 3

    b.  Wilson's Complaint Fails to State a Well-Pled Claim ........................................ 7

        i.  Legal Standard ................................................................................ 7

        ii.  Wilson's Purported Claims Based Upon Criminal Statutes Must Be Dismissed ....... 10

        iii.  Wilson's Remaining Allegations Should Be Dismissed Because They Fail to Give Fair Notice of the Claims Being Asserted or the Grounds Upon Which They are Based ............................................................................................. 13

            1.  The Complaint Fails to State a Plausible Claim for Relief Against WWE for Copyright Infringement ................................................................ 13

            2.  The Complaint Fails to State a Plausible Claim for Relief Against WWE for Trademark Infringement ................................................................ 16

            3.  The Amended Complaint Should Be Dismissed With Prejudice ..................... 17

III. CONCLUSION ..................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alghusain v. Nemeth*,
No. 1:21 CV 693, 2021 WL 4060364 (N.D. Ohio Sept. 7, 2021) ...........................................8

*Allard Enters., Inc. v. Advanced Programming Res., Inc.*,
146 F.3d 350 (6th Cir. 1998) ................................................................................................16

*Apple v. Glenn*,
183 F.3d 477 (6th Cir. 1999) ................................................................................................18

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................8, 15

*Atari, Inc. v. N. Am. Philips Consumer Elecs. Corp.*,
672 F.2d 607 (7th Cir.1982) ................................................................................................14

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................................8

*Bird v. Parsons*,
289 F.3d 865 (6th Cir. 2002).................................................................................................3

*Brown v. Panther Premium Logistics, Inc.*,
No. 1:17 CV 1383, 2017 WL 6502822 (N.D. Ohio Sept. 12, 2017) .......................................7

*Brunner v. Hampson*,
441 F.3d 457 (6th Cir. 2006) ................................................................................................6

*Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver*,
511 U.S. 164 (1994)..............................................................................................................10

*Cincom Sys., Inc. v. LabWare, Inc.*,
No. 1:20-CV-83, 2021 WL 675437 (S.D. Ohio Feb. 22, 2021) ...........................................14

*CompuServe, Inc. v. Patterson*,
89 F.3d 1257 (6th Cir. 1996) ...............................................................................................3

*Conn v. Zakharov*,
667 F.3d 705 (6th Cir. 2012)..............................................................................................4, 5

*Courie v. Alcoa Wheel & Forged Prods.*,
  577 F.3d 625 (6th Cir. 2009) ..........................................................................8

*Crossett v. Emmet Cnty.*,
  No. 20-1268, 2020 WL 8969795, at *6 (6th Cir. Nov. 12, 2020) ..........................................10

*DISH Network, LLC v. Fun Dish Inc.*,
  CASE NO. 1:08 CV 1540., 2010 BL 298431 (N.D. Ohio Dec. 16, 2010)................................7

*Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*,
  298 F.R.D. 528 (N.D. Ohio 2014) ........................................................................2

*Erickson v. Pardus*,
  551 U.S. 89 (2007)......................................................................................8, 9

*Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*,
  545 F.3d 357 (6th Cir. 2008)...............................................................................4

*Estelle v. Gamble*,
  429 U.S. 97, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)..................................................9

*Feist Publications, Inc. v. Rural Tel. Serv. Co.*,
  499 U.S. 340 (1991)....................................................................................13

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*,
  139 S. Ct. 881 (2019)..................................................................................14

*French v. Chambers-Smith*,
  No. 2:22-CV-2760, 2023 WL 2615835 (S.D. Ohio Mar. 23, 2023).....................................10

*Fuji Kogyo Co. v. Pac. Bay Int'l, Inc.*,
  461 F.3d 675 (6th Cir. 2006) ..........................................................................16

*Garvey v. Face of Beauty LLC*,
  2022 U.S. Dist. LEXIS 171182, 2022 WL 5246665 (S.D.N.Y. 2022)...................................12

*Garvey v. Face of Beauty LLC*,
  634 F. Supp. 3d 84 (S.D.N.Y. 2022)....................................................................12

*Grinter v. Knight*,
  532 F.3d 567 (6th Cir. 2008) ..........................................................................9

*Hagans v. Lavine*,
  415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)...............................................18

*Health Care Facilities, Partners, LLC v. Diamond*,
No. 5:21-CV-1070, 2022 WL 16923888 (N.D. Ohio Nov. 14, 2022)....................................12

*Hensley Mfg. v. ProPride, Inc.*,
579 F.3d 603 (6th Cir. 2009) ................................................16

*Hill v. Waters*,
No. 2:17-CV-532, 2018 WL 11356706 (S.D. Ohio Feb. 2, 2018) .........................................15

*Humphrey v. U.S. Att'y Gen.*
*'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ............................................6

*Induct-O-Matic Corp. v. Inductotherm Corp.*,
747 F.2d 358 (6th Cir.1984) ................................................16

*JM-Nipponkoa Ins. Co., Ltd. v. Dove Transp.*,
LLC, 2015 WL 145041 (S.D. Ohio 2015)............................................6

*Johnson v. Working Am., Inc.*,
No. 1:12 CV 1505, 2012 WL 3074775, at *3 (N.D. Ohio July 30, 2012)...........................10

*McDonald v. Navistar Int'l Transp. Corp.*,
143 F.Supp.2d 918 (S.D. Ohio 2001) ........................................4

*Neitzke v. Williams*,
490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).....................................18

*Neogen Corporation v. Neo Gen Screening, Inc.*,
282 F.3d 883 (6th Cir. 2002)............................................3

*Ryan v. Ohio Edison Co.*,
611 F.2d 1170 (6th Cir. 1979) ............................................10

*Saro v. Brown*,
11 F. App'x 387 (6th Cir. 2001)............................................10

*Serras v. First Tennessee Bank National Ass'n*,
875 F.2d 1212 (6th Cir. 1989)............................................3

*Stromback v. New Line Cinema*,
384 F.3d 283 (6th Cir. 2004) ............................................14

iv

*Tylicki v. Gee*,
No. 2:08-CV-936, 2009 WL 112833, 2009 U.S. Dist. LEXIS 7334 (S.D. Ohio
Jan. 15, 2009) ......................................................................................................................9

*Vest Safety Med. Servs., LLC v. Arbor Env't, LLC*,
No. CV H-20-0812, 2020 WL 4003642, at *3 (S.D. Tex. July 15, 2020) ..............................11

*Wells v. Brown*,
891 F.2d 591 (6th Cir. 1989) ................................................................................................9

**Statutes**

10 U.S.C. § 2737 ........................................................................................................................10

15 U.S.C. § 1114(1) ...................................................................................................................16

15 U.S.C. § 1125(a) ...................................................................................................................13

17 U.S.C § 411(a) ......................................................................................................................14

17 U.S.C. § 506(a) .....................................................................................................................13

18 U.S.C. § 371 ..........................................................................................................................10

18 U.S.C. § 1030 ...................................................................................................................10, 11

18 U.S.C. § 1030(c)(4)(A)(i) ......................................................................................................11

18 U.S.C. § 1030(g) ...................................................................................................................11

18 U.S.C. § 1038 ........................................................................................................................10

18 U.S.C. § 1341 ........................................................................................................................10

18 U.S.C. § 1342 ........................................................................................................................10

18 U.S.C. § 1343 ........................................................................................................................10

18 U.S.C. § 1832 ........................................................................................................................11

18 U.S.C. § 1836(b)(1) ..............................................................................................................12

18 U.S.C. § 1839(3) ...................................................................................................................11

18 U.S.C. § 1839(5) ..................................................................................................................12

Ohio Rev. Code § 2307.382(A) ..............................................................................................5, 6

**Rules**

Fed. R. Civ. P. 8 .........................................................................................................................1

Fed. R. Civ. P. 8(a) .....................................................................................................................8

Fed. R. Civ. P. 8(a)(2) ................................................................................................................7

Fed. R. Civ. P. 12(b)(1) ............................................................................................................18

Fed. R. Civ. P. 12(b)(2) ................................................................................................2, 3, 7, 18

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... *passim*

Local Rule 3.13(c)(2) ................................................................................................................14

## I.     <u>BACKGROUND</u>

On January 10, 2024, Wilson filed a *pro se* complaint (the "Original Complaint") purporting to assert claims against Defendant WWE and Defendant All Elite Wrestling ("AEW" and, collectively, "Defendants").  *See* ECF 1.[1]  WWE moved to dismiss the Original Complaint on March 7, 2024 to which Plaintiff did not respond.  ECF 11.  On April 19, 2024, consistent with its "liberal policy favoring amendment," the Court granted the Plaintiff's motion to amend its complaint and docketed the Amended Complaint as the operative complaint and rendered WWE's motion to dismiss moot on this basis.  ECF 14, 15.

However, the Amended Complaint suffers from the same deficiencies as the Original Complaint.  First, it again fails to assert **any** allegations to support personal jurisdiction over WWE in this matter. Moreover, the Amended Complaint is largely incomprehensible and difficult to follow and fails to provide a "short and plain statement of the claim[s] showing that the pleader is entitled to relief" as required under Fed. R. Civ. P. 8.  The Amended Complaint consists of vague, meandering, and disparate allegations followed by a listing of eight (8) federal statutes.  Assuming these statutes identify the Plaintiff's purported claims, most must be dismissed as a

---

1 WWE notes that Wilson filed this same complaint on August 2, 2023 in Civil Action No. 4:23-CV-01501 in the Northern District of Ohio. However, that action was dismissed for Wilson's failure to serve the summons and complaint upon Defendants. *Id.* at ECF 8.

1

matter of law because they are criminal statutes for which there is no private cause of action or for which the statutory requirements have not been pled.  As to the two potential civil claims (concerning the Copyright Act and the Lanham Act), the Amended Complaint is devoid of any factual allegations that are required to support copyright and/or trademark infringement claims, or any other claim upon which relief could be granted.

Even when the allegations in his complaint are construed in a light most favorable to Wilson, Wilson's Amended Complaint does not contain sufficient allegations to suggest that Wilson might have a valid claim, or a valid basis for exercising jurisdiction over WWE, and therefore it must be dismissed under Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Lastly, the Amended Complaint should be dismissed with prejudice.  Wilson has already been given at least one chance to amend his complaint, but the Amended Complaint suffers from the same deficiencies as the Original Complaint.  *Cf. Empire Title Servs., Inc. v. Fifth Third Mortg. Co.*, 298 F.R.D. 528, 530 (N.D. Ohio 2014) ("[W]here a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.") (internal quotations and citation omitted).  Given the nature of the allegations, it is clear that allowing further amendments

would be futile.  Wilson also failed to respond to WWE's motion to dismiss the Original Complaint and therefore its allegations may be treated as conceded.  As such, the facts strongly support dismissal of the Amended Complaint with prejudice.

## II.  ARGUMENT

### a.  Wilson's Claims Against WWE Warrant Dismissal for Lack of Personal Jurisdiction

The plaintiff always bears the burden of establishing that personal jurisdiction exists. *Serras v. First Tennessee Bank National Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989). The plaintiff's burden is to make a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).  A *prima facie* showing is made by "establishing with reasonable particularity sufficient contacts between [defendant] and the forum state to support jurisdiction."  *Neogen Corporation v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citations omitted).  A court disposing of a Rule 12(b)(2) motion does not weigh the controverting assertions of the party seeking dismissal but may consider a defendant's undisputed factual assertions. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  Dismissal is proper if all the specific facts which the plaintiff alleges collectively fail to state a *prima facie* case for jurisdiction. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).

The court applies a two-step inquiry when examining if it has personal jurisdiction over the parties. "First, [the court] must determine whether Ohio law authorizes jurisdiction. If it does, [the court] must determine whether that authorization comports with the Due Process Clause of the Fourteenth Amendment." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota*, 545 F.3d 357, 361 (6th Cir. 2008). "Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law." *Conn v. Zakharov*, 667 F.3d 705, 712 (6th Cir. 2012) (citations omitted).

WWE is a Delaware entity based in Connecticut.  ECF 1.  The long-arm statute provides the only basis for asserting personal jurisdiction in Ohio over a non-resident defendant, and it precludes "general" personal jurisdiction altogether. *McDonald v. Navistar Int'l Transp. Corp.*, 143 F.Supp.2d 918, 923 (S.D. Ohio 2001). Therefore, Ohio cannot exercise jurisdiction over a non-resident defendant unless the plaintiff's claims arose from a defendant's contacts with Ohio. *Id.*

Ohio's long-arm statute states:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

4

(1) Transacting any business in this state;

(2) Contracting to supply services or goods in this state;

(3) Causing tortious injury by an act or omission in this state;

(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(6) causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;

(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits or in the commission of which he is guilty of complicity;

(8) Having an interest in, using, or possessing real property in this state;

(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

Ohio Rev. Code § 2307.382(A).

"It is clear under Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute." *Zakharov*, 667 F.3d at 718.  Where a plaintiff fails to meet his burden of establishing personal jurisdiction under Ohio's long-arm statute, there is no need to analyze the due process requirements. *Id*.  Each of the enumerated bases in Ohio's long-arm statute requires that the damages at issue

arise from the defendant's contacts with Ohio and that there be a proximate cause relationship between the two. *See* Ohio Rev. Code § 2307.382(A); *see also JM-Nipponkoa Ins. Co., Ltd. v. Dove Transp*., LLC, 2015 WL 145041 (S.D. Ohio 2015) (citing *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir. 2006)).

Here, Wilson fails to allege that his purported claims against WWE arise from WWE's contacts with Ohio. The Complaint is devoid of *any* allegation suggesting that any of the enumerated bases in Ohio's long-arm statute is satisfied. In fact, the Amended Complaint does not contain **any** allegations related to the Court's jurisdiction. This is wholly insufficient to establish a *prima facie* case for exercising personal jurisdiction over WWE. Since Wilson has not met his burden to make a *prima facie* showing that personal jurisdiction exists under Ohio's long-arm statute, there is no need to analyze due process requirements.

WWE further submits that this Court's lack of personal jurisdiction over WWE may be treated as conceded in light of Wilson's failure to respond to WWE's motion to dismiss the Original Complaint due to, *inter alia*, the Court's lack of personal jurisdiction over WWE. ECF 11. A plaintiff's failure to timely respond to a defendant's motion to dismiss amounts to a waiver of any argument in opposition to the motion. *See, e.g., Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or otherwise oppose to a defendant's

motion, then the district court may deem the plaintiff to have waived opposition to the motion.") (citation omitted); *Brown v. Panther Premium Logistics, Inc.*, No. 1:17 CV 1383, 2017 WL 6502822, at *1 (N.D. Ohio Sept. 12, 2017) ("This Court may interpret the absence of a response to a motion to dismiss as a waiver of opposition.").

Simply stated, there is no basis for exercising jurisdiction over WWE in this district. Wilson has not and cannot meet his burden to make a *prima facie* showing that personal jurisdiction exists under Ohio's long-arm statute. This may also be treated as conceded. Therefore, the Amended Complaint should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure with respect to WWE.

### b. Wilson's Complaint Fails to State a Well-Pled Claim

#### i. Legal Standard

Alternatively, Plaintiff's Amended Complaint must be dismissed for failure to state a claim under Rule 12(b)(6). When a 12(b)(6) motion to dismiss is filed, the Complaint is assessed pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. *DISH Network, LLC v. Fun Dish Inc.*, No. 1:08-cv-1540., 2010 WL 298431, at *2 (N.D. Ohio Dec. 16, 2010). Federal Rule of Civil Procedure 8(a)(2) requires that the Complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted where the complaint fails to contain "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible upon its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009) (internal citation omitted); *see also Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009) (noting that the Supreme Court in *Twombly* and *Iqbal* "raised the bar for pleading requirements beyond the 'no-set-off facts' standard of *Conley*..."). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). A pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to state a claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Iqbal* at 678 (citing *Twombly* at 554) (internal citations omitted).  In particular, "[a] complaint that fails to state the specific acts of the defendant that allegedly violated the plaintiff's rights fails to meet the notice requirements of Federal Rule of Civil Procedure 8(a).  *Alghusain v.*

8

*Nemeth*, No. 1:21 CV 693, 2021 WL 4060364, at *3 (N.D. Ohio Sept. 7, 2021) (citations omitted).

WWE does not dispute that a document filed *pro se* must "be liberally construed" and that a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976)).  However, the Sixth Circuit has also recognized that this liberal construction does not come at the expense of "abrogat[ing] basic pleading essentials in *pro se* suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citations omitted).

Thus, a court should not conjure unpleaded facts or construct claims on a plaintiff's behalf. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted).  Similarly, a court "cannot construct possible but potentially not asserted claims for any party, including a *pro se* plaintiff, and then proceed to test whether the asserted facts fit that claim or claims so as to evade dismissal of a complaint. The Court's role is to adjudicate disputes, not assist in asserting them." *Tylicki v. Gee*, No. 2:08-CV-936, 2009 WL 112833, at *3, 2009 U.S. Dist. LEXIS 7334, at *9 (S.D. Ohio Jan. 15, 2009).

9

### ii. Wilson's Purported Claims Based Upon Criminal Statutes Must Be Dismissed

As indicated above, the Amended Complaint lists eight (8) federal statutes that appear to be the claims that Wilson seeks to assert.  ECF 14 at 4.  However, one is wholly irrelevant[2] and at least five of the "claims" must be dismissed because they are criminal statutes for which Wilson lacks standing.

The following three (3) statutes cited by Wilson have no private cause of action and must be dismissed on this basis: (i) 18 U.S.C. § 1341 (frauds and swindles)[3]; (ii) 18 U.S.C. § 371 (conspiracy to commit offense)[4]; and (iii) 18 U.S.C. § 1038 (false information and hoaxes).[5]

A fourth criminal statute cited by Wilson – 18 U.S.C. § 1030 – does authorize private causes of action under limited circumstances, but only where "the conduct involves 1 of the factors set forth in subclauses (I), (II), (III), (IV), or (V) of

---

[2] Plaintiff cites 10 U.S.C. § 2737 (property damage) as a potential "claim," but this statute is wholly irrelevant to any allegations in the Amended Complaint.  This statute, commonly called the Non-Scope Claims Act, involves claims against the government and authorizes the Secretary concerned or the designee of the Secretary to settle a claim for damage to or loss of property, personal injury, or death in an amount not more than $1,000, involving military or Coast Guard personnel, if the claim is not cognizable under any other provision of law and is incident to the use of a vehicle of the United States at any place or any other property of the United States on a Government installation.

[3] *See, e.g, Ryan v. Ohio Edison Co.*, 611 F.2d 1170, 1178-79 (6th Cir. 1979) (Section 1341 and Section 1342 are part of the criminal code, and actions to enforce them must be brought by federal prosecutors, not private citizens); *Saro v. Brown,* 11 F. App'x 387, 388 (6th Cir. 2001) ("The district court ... properly concluded that Saro possessed no private right of action against Brown for alleged violations of 18 U.S.C. §§ 1341 & 1343.").

[4] *Crossett v. Emmet Cnty.*, No. 20-1268, 2020 WL 8969795, at *6 (6th Cir. Nov. 12, 2020) (18 U.S.C. § 371 is a criminal statute that does not create a private right of action) (citing *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver,* 511 U.S. 164, 190 (1994)); *French v. Chambers-Smith*, No. 2:22-CV-2760, 2023 WL 2615835, at *5 (S.D. Ohio Mar. 23, 2023) (finding the lack of a private cause of action under 18 U.S.C. § 371).

[5] *Johnson v. Working Am., Inc.,* No. 1:12-cv-1505, 2012 WL 3074775, at *3 (N.D. Ohio July 30, 2012) (18 U.S.C. § 1038 is a criminal statute with no independent civil cause of action for which a private citizen may file a complaint).

subsection (c)(4)(A)(i)." 18 U.S.C. § 1030(g).  The relevant factors are: (i) loss to 1 or more persons during any 1-year period aggregating at least $5,000 in value; (ii) modification or impairment of medical treatment; (iii) physical injury to any person; (iv) a threat to public health or safety; or (v) damage affecting a computer used by or for the U.S. government.  None of these factors have been pled by Wilson and therefore Wilson has not established entitlement to bring such a claim.[6]

The fifth criminal statute cited by Wilson is 18 U.S.C. 1832 (trade secrets).  Courts have held that this is a criminal statute with no private cause of action.  *See, e.g., Vest Safety Med. Servs., LLC v. Arbor Env't, LLC,* No. CV H-20-0812, 2020 WL 4003642, at *3 (S.D. Tex. July 15, 2020) (18 U.S.C. § 1832 is a criminal statute with no private cause of action; claim dismissed with prejudice).

However, even assuming *arguendo* the Amended Complaint could be construed as asserting a civil claim for trade secret misappropriation under the larger Defense of Trade Secrets Act (DTSA), the Amended Complaint fails to sufficiently allege any element of such a claim.  The DTSA requires a plaintiff to plead: (1) the existence of a trade secret, defined generally as information with independent economic value that the owner has taken reasonable measures to keep secret, 18

---

[6] Even if he could establish entitlement to bring such a claim, the allegations in the Amended Complaint are conclusory, implausible, and wholly insufficient to state a plausible claim under 18 U.S.C. § 1030.

U.S.C. § 1839(3); (2) that "is related to a product or service used in, or intended for use in, interstate or foreign commerce," id. § 1836(b)(1); and (3) the misappropriation of that trade secret, defined broadly as the knowing improper acquisition, or use or disclosure of the secret, *id*. § 1839(5). *Health Care Facilities, Partners, LLC v. Diamond*, No. 5:21-CV-1070, 2022 WL 16923888, at *5 (N.D. Ohio Nov. 14, 2022) (citation omitted).

Because a "trade secret must first of all be secret," a plaintiff must allege "facts suggesting steps taken to keep the information secret." *Garvey v. Face of Beauty LLC*, 2022 U.S. Dist. LEXIS 171182, at *24, 2022 WL 5246665 (S.D.N.Y. 2022) (report & recommendation adopted in *Garvey v. Face of Beauty LLC*, 634 F. Supp. 3d 84, 87 (S.D.N.Y. 2022)).   Moreover, "information alleged to be a misappropriated trade secret must be identified with enough specificity to place a defendant on notice of the bases for the claim being made against it."  *Health Care Facilities*, 2022 WL 16923888, at *5.

In the Amended Complaint, however, Wilson fails to allege any plausible factual allegations in support of this purported claim, including, without limitation, (i) what "trade secrets" that Wilson purports were misappropriated; (ii) what efforts he took to maintain the secrecy of the purported "trade secrets"; (iii) what independent economic value the "trade secrets" purportedly had; (iv) what product

or service the "trade secrets" purportedly related to; (v) how the "trade secrets" were knowingly and improperly acquired by WWE, an entity with which he has no relationship; and/or (iv) how the "trade secrets" were purportedly used by WWE.

Because Wilson has failed to plead an entitlement to bring a claim under any of the federal criminal statutes in the Amended Complaint, or facts sufficient to state a claim under these statutes, the claims must be dismissed under Rule 12(b)(6).

### iii. Wilson's Remaining Allegations Should Be Dismissed Because They Fail to Give Fair Notice of the Claims Being Asserted or the Grounds Upon Which They are Based

The remaining two statutes cited by Wilson are 17 U.S.C. § 506(a) and 15 U.S.C. § 1125(a), which we assume are intended to support claims for copyright infringement and trademark infringement. However, like Wilson's Original Complaint, the allegations in the Amended Complaint fail to state a plausible claim for copyright or trademark infringement or to provide fair notice to WWE of the basis of the purported claim(s). Therefore, even construing the complaint liberally, it simply does not set forth any valid claim.

### 1. The Complaint Fails to State a Plausible Claim for Relief Against WWE for Copyright Infringement

To prevail on a copyright infringement claim, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361

(1991). Additionally, following the Supreme Court's decision in *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, ownership of a copyright registration (or refusal of such application) is required before a plaintiff can bring a claim for copyright infringement. 139 S. Ct. 881 (2019); *see also* 17 U.S.C § 411(a).

First, Wilson fails to allege ownership of a copyright registration (or refusal of such registration), nor does he put forth any allegations that permit a reasonable inference that any purportedly infringed works are protected by a valid copyright that was registered (or refused registration) prior to bringing suit. *Id.* This alone warrants dismissal of the copyright infringement claims. *Cf. Cincom Sys., Inc. v. LabWare, Inc.*, No. 1:20-CV-83, 2021 WL 675437, at *2 (S.D. Ohio Feb. 22, 2021).[7]

Even accepting Wilson's allegations as true, he fails to identify any specific works that are entitled to copyright protection. First, "copyright protection extends only to expression of ideas and not to ideas themselves." *Stromback v. New Line Cinema*, 384 F.3d 283, 296 (6th Cir. 2004) (citations omitted). "Second, the principle of *scenes a faire* excludes copyright protection for "incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic."" *Id.* (quoting *Atari, Inc. v. N. Am. Philips Consumer*

---

[7] Wilson has also failed to comply with Local Rule 3.13(c)(2), which requires Wilson to file an AO 121 Report on the Filing or Determination of an Action or Appeal Regarding a Copyright Form identifying the copyright registration number(s).

*Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir.1982)). Nowhere in the Amended Complaint does Plaintiff identify any specific original written work that has been copied by either Defendant. Rather, at most, Plaintiff vaguely asserts that the Defendants are using similar, general concepts and/or stock character elements, neither of which are protectable.[8] This fails to satisfy the *Iqbal* plausibility standard or place WWE on notice of the specific claims being asserted against it.

Additionally, Wilson's Complaint does not sufficiently allege actual copying by Defendant WWE of any protectable elements of the unidentified "work[s]", or specify how the works have been purportedly used by WWE. "At bottom, Plaintiff fails to ever specify which protected elements of his works were infringed or what particular actions by Defendants constitute impermissible copying of those protected elements, let alone which Defendant committed such copying." *Hill v. Waters*, No. 2:17-CV-532, 2018 WL 11356706, at *5 (S.D. Ohio Feb. 2, 2018).

Thus, to the extent that Wilson is attempting to allege a claim against WWE for copyright infringement, his Complaint fails to set forth *any* allegations of copyright ownership by Wilson, registration of the allegedly infringed work(s), or copying by WWE—each a necessary element to plead copyright infringement.

---

[8] For example, Plaintiff alleges that "[m]ultiple characters in WWE now wear chain attire, infringingly similar to my own personal and professional looks." ECF 15 at 2. Similarly, Wilson alleges that WWE "attempt[s] to wrestle in the rain to squeak by copyright claims," but this is not protectable under copyright law. *Id.* at 4. However, these are general concepts, not incorporated into a written work, that are not protected by copyright.

Put more simply, the Complaint fails to assert a copyright infringement claim or to provide WWE with notice of the purported basis for this alleged claim. Therefore, the Court must dismiss, with prejudice, Wilson's purported claims for copyright infringement against WWE under Rule 12(b)(6).

### 2. The Complaint Fails to State a Plausible Claim for Relief Against WWE for Trademark Infringement

To establish a claim for trademark infringement for a registered trademark, a plaintiff must show that: (1) it owns the registered trademark, (2) the defendant used the accused trademark in commerce, and (3) the use was likely to cause confusion. *See* 15 U.S.C. § 1114(1); *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009). For an unregistered trademark, the mark is not afforded the same presumption of validity that registered marks receive. *See Fuji Kogyo Co. v. Pac. Bay Int'l, Inc.*, 461 F.3d 675, 683 (6th Cir. 2006) (citation omitted). Therefore, if the trademark is not registered, the plaintiff must also allege that they have used the asserted mark in commerce sufficient to warrant trademark protection. *See, e.g., Allard Enters., Inc. v. Advanced Programming Res., Inc.*, 146 F.3d 350, 358 (6th Cir. 1998) (citation omitted). The touchstone of liability for trademark infringement is whether the defendant's use of the disputed mark is likely to cause confusion among consumers regarding the origin of the goods or services offered by the parties. *Induct-O-Matic Corp. v. Inductotherm Corp.*, 747 F.2d 358, 361 (6th Cir.1984).

16

Wilson's Complaint again fails to plead sufficient factual support for *any* of the elements required for asserting a claim of trademark infringement. As to the first element, Wilson vaguely alleges that WWE has "stolen [or] infringes" certain of Wilson's slogans, but he fails to specifically identify those slogans or provide a basis for asserting trademark rights therein. He fails to state whether the unidentified trademark(s) are registered or unregistered and/or how the marks have allegedly been used in commerce by Wilson to support a claim of rights therein. As to the second and third elements, Wilson fails to specifically identify what trademark(s) were used by WWE that purportedly infringed upon Wilson's prior rights; how such trademark(s) were used by WWE, including the goods or services offered in connection therewith; and/or why such usage was likely to create a likelihood of confusion with Wilson's claimed trademark rights.

Therefore, the Court must dismiss, with prejudice, Wilson's purported claims against WWE under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 3. The Amended Complaint Should Be Dismissed With Prejudice

Lastly, the Amended Complaint should be dismissed with prejudice. Wilson has already been given at least one chance to amend his complaint, but the Amended Complaint suffers from the same deficiencies as the Original Complaint. As set forth in both motions to dismiss, the Court lacks personal jurisdiction over WWE,

17

which Plaintiff has conceded by failing to respond to WWE's motion to dismiss the Original Complaint. Regarding the substance of the claims, the majority of the asserted claims are criminal statutes for which there is no private cause of action. Moreover, as demonstrated by both complaints, the remaining allegations against the Defendants are patently insubstantial, calling into question the Court's subject matter jurisdiction.[9] Thus, to avoid further wasting the time and resources of the Parties and the Court, the Amended must be dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, Wilson's Complaint against Defendant WWE must be dismissed in its entirety, with prejudice, under Rules 12(b)(2) and/or 12(b)(6).

DATE: May 3, 2024

Respectfully submitted,

WORLD WRESTLING
ENTERTAINMENT, LLC.

_/s/ Justin A. Markota_
Justin A. Markota (0092182)
Roetzel & Andress
1375 East Ninth Street
One Cleveland Center, 10th Floor
Cleveland, Ohio 44114
Tel. (234) 200-0887

---

[9] "A patently insubstantial complaint may be dismissed, for example, for want of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." _Neitzke v. Williams_, 490 U.S. 319, 327 n. 6, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (citing _Hagans v. Lavine_, 415 U.S. 528, 536–537, 94 S.Ct. 1372, 1378–79, 39 L.Ed.2d 577 (1974) (federal courts lack power to entertain claims that are " 'so attenuated and unsubstantial as to be absolutely devoid of merit' ")); _see also Apple v. Glenn_, 183 F.3d 477, 479 (6th Cir. 1999) (where plaintiff is neither a prisoner nor proceeding in forma pauperis, "implausible, attenuated, unsubstantial" claims may be dismissed "sua sponte ... for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure").

Fax: (216) 623-0134
jmarkota@ralaw.com

Laura L. Pitts (*pro hac vice*
forthcoming)
James T. Wilcox (*pro hac vice*
forthcoming)
BUCHANAN INGERSOLL &
ROONEY PC
1737 King Street, Suite 500
Alexandria, Virginia 22314
Tel. (703) 836-6620
Fax: (703) 836-2021
laura.pitts@bipc.com
james.wilcox@bipc.com

*Attorneys for Defendant WORLD
WRESTLING    ENTERTAINMENT,
LLC.*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that, pursuant to the Court's standard Case Management Order, prior to the anticipated filing of a motion to dismiss Wilson's original Complaint, WWE's counsel submitted a written request to Wilson that Wilson dismiss the Complaint as to WWE.  Wilson spoke with undersigned counsel, and undersigned counsel explained that Wilson's Complaint failed to articulate specific claims and the factual bases for them.  Undersigned counsel articulated specifically that Wilson's Complaint failed to allege the existence of a registered copyright, failed to articulate any alleged trademarks, failed to allege facts to support the elements of claims for fraud, right of publicity and/or privacy, or unjust enrichment.  Wilson indicated that he would not dismiss his Complaint under any circumstances. Although Wilson did file an Amended Complaint, he did not address the deficiencies in his original Complaint.  Because Wilson is currently incarcerated, counsel was unable to make a renewed request for dismissal of the Amended Complaint; however, given that Wilson had previously articulated that he would not dismiss his case under any circumstances, it is believed that any renewed request would have been futile in any case.

*/s/ Justin A. Markota*
Justin A. Markota (0092182)

20

## **LOCAL RULE 7.1(f) CERTIFICATION**

This case has not been assigned to a track by this Court. This Memorandum adheres to the 20-page limitation for dispositive motions in unassigned track cases.

*/s/ Justin A. Markota*
Justin A. Markota (0092182)

## **CERTIFICATE OF SERVICE**

I certify that on May 3, 2024, I filed the foregoing electronically. All parties will receive notice of this filing through the Court's electronic filing system and may access this filing through the Court's system. Pursuant to Fed. R. Civ. P. 5(b)(2), a copy of the foregoing will also be served upon Plaintiff via regular U.S. mail at:

Anthony Duane Wilson
6862 State Route 7
Kinsman, Ohio 44428

Anthony Duane Wilson
Inmate I.D. #213463
150 High Street NW
Warren, Ohio 44481

*/s/ Justin A. Markota*
Justin A. Markota (0092182)

*Attorney for Defendant WORLD
WRESTLING ENTERTAINMENT,
LLC.*

21