PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DUANE WILSON, | ) | |
| | ) | CASE NO. 4:24-CV-00062 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WORLD WRESTLING | ) | |
| ENTERTAINMENT, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 19 and 21] |
| | ) | |

Pending before the Court are Defendant World Wrestling Entertainment ("WWE") and Defendant All Elite Wrestling's ("AEW") (herein ("Defendants")) motions to dismiss Plaintiff Anthony Duane Wilson's Amended Complaint. (ECF Nos. 19, 21). Plaintiff filed a Letter Response in opposition to both motions. ECF No. 26. Defendants each replied in support of their motions. ECF Nos. 27, 28. For the reasons set forth below, the Court grants Defendants' motions to dismiss.

**I.  Background**

Plaintiff filed a *pro se* Complaint asserting claims against Defendants. (ECF No. 1). WWE moved to dismiss for the lack of personal jurisdiction over WWE pursuant to Fed. R. Civ. P. 12(b)(2), and Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 11). In response, Plaintiff filed a motion to Amend Complaint (ECF No. 8) which the Court granted. (ECF No. 14).

(4:24-CV-00062)

In the Amended Complaint (ECF No. 15), Plaintiff brought an action against Defendants for using his "creative works without permission, infringing on [his] wrestling gimmicks, names, slogans and likeness." ECF No. at 15 at PageID #: 77. Plaintiff alleges that Defendants stole his "KDR ranking system", "the initials for the company AEW from [his] blogs", and other various character and mask designs. ECF No. 15 at PageID # 77. Among other allegations, Plaintiff also asserts that Defendants conspired together to steal his trade secrets and concepts, hacked his private files, and engaged in infringement by using his artwork. ECF No. 15 at PageID #:77-80. Furthermore, Plaintiff raises the following claims:

- 17 U.S.C. [§]506(a) [Copyright infringement]
- 15 U.S.C. [§]1125(a) [Trademark infringement, false designation, and dilution]
- 10 U.S.C. [§]2737 property damages
- 17 U.S.C. [§]1832 theft of trade secrets
- 18 U.S.C. [§]1341 frauds and swindles
- 18 U.S.C. [§]1030 hacking computers and phones
- 18 U.S.C. [§]371 conspiracy to commit offense
- 18 U.S.C. [§]1038 false information and hoaxes

ECF No. 15 at PageID #: 80.

Defendants separately moved to dismiss the Amended Complaint. In WWE's motion, it asserts that Plaintiff does not allege sufficient facts to show that the Court has personal jurisdiction over WWE, and Plaintiff fails to state a claim upon which relief can be granted. ECF No. 21 at PageID #: 128. In AEW's motion, it asserts that Plaintiff fails to state a claim upon which relief can be granted. ECF No. 19 at PageID #: 108-09.

As indicated above, Plaintiff filed a Response Letter opposing both motions to dismiss. ECF No. 26 at PageID #: 180. And Defendants filed separate replies to Plaintiff's Response Letter. *See* ECF Nos. 27, 28. WWE's reply continues to urge dismissal of the Amended Complaint for lack of personal jurisdiction, or alternatively, because Plaintiff fails to state a

2

(4:24-CV-00062)

claim upon which the Court can grant relief. ECF No. 27 at PageID #: 182. AEW's reply contends that the Amended Complaint should be dismissed because Plaintiff did not respond to any of the arguments raised in its motion to dismiss. ECF No. 28 at PageID #: 188-89.

## II. Standard of Review

### A. Motion to Dismiss Under Rule 12(b)(2)

In the context of a Rule 12(b)(2) motion, the burden of establishing personal jurisdiction is on the plaintiff. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980) (citing *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974)). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citing *Weller*, 504 F.2d at 930). "[When] . . . the district court relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, rather than resolving the motion after either an evidentiary hearing or limited discovery, the burden on the plaintiff is 'relatively slight,' and 'the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal.' " *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988); *Theunissen*, 935 F.2d at 1458). In that instance, the court views the pleadings and affidavits submitted in a light most favorable to the plaintiff, and the court "should not weigh 'the controverting assertions of the party seeking dismissal.'" *Id.* (quoting *Theunissen*, 935 at 1459).

### B. Motion to Dismiss under Rule 12(b)(6)

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most

3

(4:24-CV-00062)

favorable to the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citations omitted). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id. at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it suggests more than a sheer possibility that a defendant has acted unlawfully. Twombly, 550 U.S. at 556. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." Handy-Clay v. City of

4

(4:24-CV-00062)

*Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Discussion

**A. The Court Lacks Personal Jurisdiction Over Defendant WWE.**

The Court first addresses whether the Amended Complaint has alleged sufficient facts for a finding of personal jurisdiction over Defendant WWE pursuant to Fed. R. Civ. P. 12(b)(2).

WWE argues that the Court lacks jurisdiction over Plaintiff's claims against WWE because it is a Delaware entity based in Connecticut, and Plaintiff has not sufficiently met his burden of proving personal jurisdiction through Ohio's long-arm statute. ECF No. 21-1 at PageID #: 141-43. In response, Plaintiff contends that:

> "[j]urisdiction is federal not state and the amount in question is well over $75,000. . . . As well each party lives in a separate state of the United States. This is a federal court not a state court and both companies regularly do business in the state of Ohio on a worldwide stage, as do I and are tied to federal laws."

ECF No. 26 at PageID #: 180.

In reply, WWE re-asserts that Plaintiff's "claims are factually and legally deficient, and that his Amended Complaint lacks sufficiently pled allegations to support personal jurisdiction[.]" ECF No. 27 at PageID #: 182.

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the forum's state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coal. of Radioactive Mat. Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)). The Sixth Circuit recognized that Ohio's long-arm statute is "not

5

(4:24-CV-00062)

coterminous with federal constitutional limits." *Bird*, 289 F.3d at 871 (citation omitted). Despite this, the Sixth Circuit "focuse[s] on whether there are sufficient minimum contacts between the nonresident defendant and the forum state so as not to offend 'traditional notions of fair play and substantial justice.'" *Id.* at 872 (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

To determine the existence of personal jurisdiction, there are "two categories: general and specific." *Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 501 (6th Cir. 2020) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction exists when the defendant's affiliations with the forum state are "so continuous and systematic" that they are "essentially at home in the forum State." *Goodyear*, 564 U.S. at 919. "[T]he place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction[.]" *Daimler AG v. Bauman,* 134 S. Ct. 746, 760 (2014) (internal quotation marks and citation omitted, second alteration and omission in original). Whereas "specific jurisdiction is proper where the claims in the case arise from or are related to the defendant's contacts with the forum state." *Intera Corp. v. Henderson,* 428 F.3d 605, 615 (6th Cir. 2005).

1. *General Jurisdiction*

WWE is a Delaware based company with its principal place of business in Connecticut. ECF No. 12 at PageID #: 71. Therefore, for the Court to exercise general personal jurisdiction over Defendant WWE, this must be an "exceptional case" in which WWE's operations in Ohio are "so substantial of such a nature as to render the corporation at home" in Ohio. *Daimler,* 571 U.S. at 139 n.19. The inquiry for general jurisdiction "'calls for an appraisal of a corporation's activities in their entirety; [a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 414 (2017) (alteration in original) (citing *Daimler*, 571 U.S. at 140 n.20).

6

(4:24-CV-00062)

The instant case does not meet the "exceptional" requirement. In *Daimler*, although in *dictum*, the Supreme Court mentioned the possibility of an exceptional case in which a corporation's operations could be so substantial in the forum state that such operations would render it the home state.[1] *Daimler*, 571 U.S. at 139 n.19 (suggesting that *Perkins* might be an "exceptional case") (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952)). In *Perkins*, the defendant corporation relocated from the Philippines to Ohio because of war. 342 U.S. at PageID #: 447-48. "Because Ohio then became 'the center of the corporation's wartime activities,' . . . suit was proper there[.]" *BNSF*, 581 U.S. 413 (first quoting *Daimler*, 571 U.S. at 130, n.8; then citing *Perkins*, 342 U.S., at 448).

In the instant case, Plaintiff does not make any allegations concerning WWE's activities in Ohio. Instead, Plaintiff makes a blanket assertion about WWE's operations across the United States. Specifically, Plaintiff makes a contradictory assertion that "[t]his is a federal court not a state court and both companies regularly do business in the state of Ohio on a worldwide stage, as do I and are tied to federal laws." ECF No. 26 at PageID #: 180. Because Plaintiff failed to allege facts indicating that WWE's activities in Ohio were so substantial that they would render Ohio the home state, the Court finds that it does not have general jurisdiction over Defendant WWE.

2. *Specific Jurisdiction*

The "crucial constitutional inquiry" to establish specific personal jurisdiction "is whether, given the facts of the case, the nonresident defendant has sufficient contacts with the forum state

---

[1] "Lower courts are obligated to follow Supreme Court dicta, particularly where this not substantial reason for disregarding it, such as age or subsequent statements undermining its rationale." *Am. Civil Liberties Union of Ky. v. McCreary Cnty., Ky.*, 607 F.3d 439, 447–48 (6th Cir. 2010).

(4:24-CV-00062)

that the district court's exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice." CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1263 (6th Cir. 1996). The Sixth Circuit recognizes specific jurisdiction only if their contacts satisfy the three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

S. Mach. Co., v. Mohasco Indus., Inc., 401 F.2d 374, 381 (6th Cir. 1968).

In this case, the Amended Complaint failed to allege sufficient facts for the Court to find specific jurisdiction over WWE, because Plaintiff failed to allege facts showing that WWE had sufficient contacts with Ohio to satisfy the Ohio long-arm statute. Even when Plaintiff's contention that "both companies regularly do business in the state of Ohio on a worldwide stage[]" is considered, Plaintiff still fails to meet his *prima facie* burden because he provides no articulation of what activities or acts occurred in Ohio. ECF No. 26 at PageID #: 180; *see e.g.*, Peters Broad. Eng'g, Inc. v. 24 Cap., LLC, 40 F.4th 432, 442 (6th Cir. 2022) (dismissing for lack of personal jurisdiction even after the second amended complaint "ma[de] mention of general injurious conduct occurring in Ohio, [because] it provide[d] no explanation of what acts or activities occurred in the state"); *see also* Revolution Sales & Mktg., Inc. v. Oncore Golf Tech., Inc., No. 5:14CV00239, 2014 WL 7157271, at *3 (N.D. Ohio Dec. 15, 2014) (dismissing for lack of personal jurisdiction after the amended complaint made "a blanket assertion that all Defendants have 'engaged in business transactions with or concerning Plaintiffs in the State of Ohio.'")

8

(4:24-CV-00062)

The Court grants WWE's motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(6). Because the Court lacks personal jurisdiction over WWE, it does not resolve WWE's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

**B. The Complaint Fails to State a Claim for Relief Upon Which Relief Can Be Granted**

Both Defendants move to dismiss Plaintiff's Amended Complaint for failure to state a claim for relief upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 19 at PageID #: 108; ECF No. 21-1 at PageID #: 144-55. As indicated above, however, because the Court lacks personal jurisdiction over WWE, the Court will only consider AEW's 12(b)(6) argument

Defendant AEW argues Plaintiff's Amended Complaint "fails to state any claim against AEW" and "is devoid of specific factual allegations sufficient to support Wilson's claims against AEW; thus, it fails to satisfy the pleading requirements[.]" ECF No. 19 at PageID #: 108. In opposition, Plaintiff filed a Response Letter to deny AEW's motion to dismiss. ECF No. 26 at PageID #: 180. In reply to that opposition, AEW re-asserts its motion to dismiss, and contends that the Court should dismiss the Amended Complaint because Plaintiff failed to respond to any its arguments. ECF No. 28 at PageID #: 188.

        *a)*      *Plaintiff Conceded Seven Out of Eight Claims*

Plaintiff's Response Letter does not support the claims made in the Amended Complaint pursuant to 15 U.S.C. §1125(a), 10 U.S.C. §2737, 17 U.S.C. §1832, 18 U.S.C. §1341, 18 U.S.C. §1030, 18 U.S.C. §371, and 18 U.S.C. §1038, nor rebut any of AEW's arguments. (ECF No. 26). Rather, Plaintiff's opposition reargues his motion to stay that the Court denied, challenges the jurisdictional arguments of Defendant WWE, makes references to other lawsuits involving the WWE, and asserts his lack of legal representation. ECF No. 26 at PageID #: 180. Plaintiff's

9

(4:24-CV-00062)

failure to successfully defend his claims alleged pursuant to 15 U.S.C. §1125(a), 10 U.S.C. §2737, 17 U.S.C. §1832, 18 U.S.C. §1341, 18 U.S.C. §1030, 18 U.S.C. §371, and 18 U.S.C. §1038 caused him to concede them.[2] As a result, the Court rejects them as a matter of law. *See, e.g.*, *Santo's Italian Café LLC v. Acuity Ins. Co.*, 508 F. Supp.3d 186, 207 (N.D. Ohio 2020) ("It is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (quoting *Lewis v. Cleveland Clinic Found.*, No. 1:12CV3003, 2013 WL 6199592, at *4 (N.D. Ohio Nov. 27, 2013)).

    b)  *The Remaining* 17 U.S.C. §506(a) *Claim*

Liberally construing Plaintiff's Response Letter, Plaintiff arguably rebutted Defendant AEW's motion to dismiss his copyright claim under 17 U.S.C. §506(a).[3] *See* ECF No. 26 at PageID #: 180 ("I own everything I create automatically being protected by federal copyright laws and state[4] common laws. If the defendants wish, I can expedite some registrations and ask the court for a continuance[.]"). In response, AEW contends that the claim should be denied for lack of standing because registration is a prerequisite to an action for copyright infringement. ECF No. 28 at PageID #: 188-89.

---

[2] The Court may only adjudicate claims arising under the Copyright Act and the Lanham Act pursuant to 17 U.S.C. §506(a) and 15 U.S.C. §1125(a). The other statutes pled by Plaintiff regard criminal activity or claims against the United States with no private right of action. *See* 28 U.S.C. § 547; Fed. R. Crim. P. 7(c); 10 U.S.C. § 2737.

[3] Plaintiff cites the criminal copyright infringement statute that has no private right of action in a civil case. *See Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008). Even so, the Court liberally construes Plaintiff's argument as a copyright infringement claim under the Copyright Act.

[4] Plaintiff did not raise any Ohio common law causes of action in the Amended Complaint.

(4:24-CV-00062)

"Claims for copyright infringement under the Copyright Act require the copyright holder to register their work *before* suing[.]" *Andersen v. Thompson*, No. 1:22-CV-00627, 2023 WL 5279497, at *2 (N.D. Ohio July 14, 2023), report and recommendation adopted, No. 1:22 CV 627, 2023 WL 5278818 (N.D. Ohio Aug. 16, 2023) (alteration in original) (citing *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157-158, 130 S.Ct. 1237, 176 L.Ed.2d 18 (2010)). Plaintiff's offer to expedite some registrations" appears to concede that he does not currently hold registrations for his copyright claim brought under 17 U.S.C. §506(a), as required by law.

Plaintiff's copyright infringement claim, therefore, fails as a matter of law.

### IV. Conclusion

For the reasons above, the Court grants Defendant WWE's Motion to Dismiss (ECF No. 19) for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). The dismissal of WWE is without prejudice to the matter being refiled in an appropriate jurisdiction. Defendant AEW's Motion to Dismiss for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6) is granted. The dismissal of AEW is with prejudice.

IT IS SO ORDERED.

| | |
|---|---|
| October 22, 2024 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |